# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OSWALDO ERNESTO HERNANDEZ-CASTRO,

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

Case No. 1:25-cv-01574-JLT-SAB-HC

ORDER CONSTRUING FIRST AMENDED PETITION AS INCLUDING MOTION TO AMEND AND GRANTING MOTION TO AMEND

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DENY FURTHER RELIEF

(ECF No. 13)

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of El Salvador who first entered the United States on July 30, 2007. (ECF No. 13 at 5.[1]) On November 24, 2009, an immigration judge ("IJ") ordered Petitioner removed. On November 16, 2022, Petitioner re-entered the United States. On November 18, 2022, a reinstatement of his prior removal order was issued. On November 24, 2022, Petitioner was placed on an order of supervision, and he was enrolled in weekly biometric reporting on November 26, 2022. In November 2023, Petitioner filed an affirmative I-589 application for asylum with U.S. Citizenship and Immigration Services.

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

On October 14, 2025, Respondents mailed Petitioner a credible fear interview notice indicating that the interview was scheduled for October 21, 2025. However, Petitioner did not receive the notice in time and therefore missed the appointment.[2] Immediately after Petitioner failed to appear for the October 21, 2025 interview, he was contacted through the Intensive Supervision Appearance Program ("ISAP") mobile application and directed to attend an in-person check-in on October 30, 2025 at the ISAP office. At that check-in, Petitioner was taken into custody and subsequently transferred to the California City Detention Facility. (ECF No. 13 at 2.)

On November 17, 2025, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On December 31, 2025, the district judge granted the motion for TRO in part and ordered that Petitioner be provided with a substantive parole revocation hearing before an immigration judge at which the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. (ECF No. 12.)

On January 13, 2026, an IJ conducted a bond hearing and denied bond due to a finding of risk of flight. (ECF No. 15-1 at 1.) On January 29, 2026, Petitioner filed a first amended petition ("FAP"). (ECF No. 13.) On March 16, 2026, Respondents filed an answer, and Petitioner filed a reply on April 15, 2026. (ECF Nos. 15, 16.)

## II.

## DISCUSSION

### A. Motion to Amend

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(2) allows pleading amendments with "leave of court" at any time during a proceeding. Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P.

[2] Petitioner's attorney likewise did not receive the credible fear interview notice, despite having a properly executed Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, on file.

15(a)(2). "In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" Kroessler v. CVS Health Corp., 977 F.3d 803, 814–15 (9th Cir. 2020) (quoting Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, the FAP was filed more than twenty-one days after Respondents' responsive pleading was filed. Accordingly, Petitioner may not amend the petition as a matter of course and can only amend the petition "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court will construe the FAP as including a motion to amend. The Court finds that there is no undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies by previous amendments, undue prejudice to Respondents, or futility of the proposed amendment. Accordingly, leave to amend is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). A "magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). Here, granting Petitioner's motion to amend does not dispose of a claim or defense or preclude the ultimate relief sought.

///

**B. Mootness**

Respondents assert that the FAP is moot because the Court previously considered all of Petitioner's arguments and granted relief by ordering a bond hearing. (ECF No. 15 at 2.) Petitioner argues that his "case is not moot because he argued that his bond hearing was not conducted in a constitutionally compliant manner. The government failed to prove by clear and convincing evidence that Petitioner is a flight risk. Therefore, there is a live case and controversy." (ECF No. 16 at 2.)

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). "[A] case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017).

Although the Court previously addressed the legality of Petitioner's re-detention and ordered a bond hearing, the FAP also challenges the adequacy of the bond hearing that was held. As effective relief may be granted, the Court recommends finding that dismissal is not warranted on this ground.

**C. Petitioner's Re-Detention**

For the reasons set forth in the order granting the motion for TRO in part, (ECF No. 12), the Court recommends finding that Petitioner's re-detention violated due process. As Petitioner has been provided with a constitutionally adequate bond hearing, see section II(D), *infra*, the Court further recommends that additional relief with respect to Petitioner's claims challenging his re-detention is not warranted.

**D. January 13, 2026 Bond Hearing**

Petitioner challenges the adequacy of the January 13, 2026 bond hearing held by the immigration court. Specifically, Petitioner asserts that Respondents failed to satisfy their burden

to prove by clear and convincing evidence that Petitioner is a flight risk, the IJ failed to consider relevant custody factors set forth in Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006), and the IJ was not a neutral decisionmaker. (ECF No. 13 at 27.)

1. Jurisdiction

Respondents argue that "[f]ederal courts lack jurisdiction to review the discretionary merits of immigration bond determinations" pursuant to 8 U.S.C. § 1226(e). (ECF No. 15 at 3.) "Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011). Section "1226(e) does not strip a district court of its traditional habeas jurisdiction, 'bar constitutional challenge[s]' or preclude a district court from addressing a habeas petition 'challeng[ing] the statutory framework that permits [the petitioner's] detention without bail.'" Id. (alteration in original) (quoting Demore v. Kim, 538 U.S. 510, 516–17 (2003)). Accordingly, the Court recommends finding that it has jurisdiction over the FAP and dismissal is not warranted on this ground.

2. Exhaustion

Respondents argue that the FAP should be dismissed for failure to exhaust administrative remedies. (ECF No. 15 at 3–4.)

> As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).
>
> However, because exhaustion is not jurisdictional, the requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th

> Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

Singh v. Warden, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508, at *3 (E.D. Cal. May 13, 2026).

"[D]istrict courts in the Ninth Circuit note that the unprecedented delays in the BIA appeals process necessarily mean that Petitioners will suffer irreparable injury if required to wait for a BIA decision before being permitted to file a habeas claim." Singh, 2026 WL 1328508, at *4 (citing Soriano v. Hernandez, No. 2:26-CV-00900-DGE, 2026 WL 969764 at *4 (W.D. Wash. Apr. 10, 2026); Scott v. Wamsley, No. 2:25-cv-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025)). Accordingly, the Court recommends waiving the prudential exhaustion requirement in this instance.

3. Analysis

**a. Clear and Convincing Evidence**

The Court reviews the IJ's determination for an abuse of discretion. Under that standard, "we cannot reweigh evidence ... [but] can [only] determine whether the [IJ] applied the correct legal standard." Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) (last alteration added) (internal quotation marks omitted) (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)).

> To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent. *Guerra*, 24 I. & N. Dec. at 40. The nine factors an IJ "may" consider "include any or all of the following:"
>
>> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.
>
> *Id.* And "[t]he *Guerra* factor most pertinent to assessing dangerousness" is "the

> alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Singh*, 638 F.3d at 1206 (quoting *Guerra*, 24 I. & N. Dec. at 40).

Martinez, 124 F.4th at 783.

> Generally, in the absence of any red flags, we take the BIA at its word. For example, "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence," we will rely on the BIA's statement that it properly assessed the entire record. *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). We do not require the BIA to "discuss each piece of evidence submitted." *Id.* Similarly, we accept that the BIA "applied the correct legal standard" if the BIA "expressly cited and applied [the relevant caselaw] in rendering its decision." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," we do not credit its use of a "catchall phrase" to the contrary. *Cole*, 659 F.3d at 771-72.

Martinez, 124 F.4th at 785.

An "IJ's failure to consider or apply any of the *Guerra* factors and decision to instead rely on . . . evidence that 'bear little if any relevance' to Petitioner's risk of flight, while seemingly ignoring all evidence in Petitioner's favor constitutes a misapplication of the legal standard to the facts." Perez Velasquez v. Bondi, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026) (quoting Matter of Patel, 15 I. & N. Dec. 666, 666–67 (BIA 1976)). A review of the recording of the bond hearing establishes that the IJ correctly placed the burden on the Department of Homeland Security to establish flight risk by clear and convincing evidence. Additionally, the IJ properly considered whether Petitioner had a fixed address in the United States, Petitioner's length of residence in the United States, Petitioner's family ties in the United States and whether they may entitle him to reside permanently in the United States in the future, Petitioner's employment history, Petitioner's record of appearance in court, the fact that Petitioner appeared at the October 30, 2025 check-in despite a high chance of being re-detained, and the likelihood of relief from removal. See Matter of R-A-V-P-, 27 I. & N. Dec. 803, 805 (BIA 2020) ("The Immigration Judge may also consider the likelihood that relief from removal will be granted in determining whether an alien warrants bond."). "Because the IJ . . . w[as] entitled to place some weight on the [factors] in their analysis . . . , the Court generally lacks jurisdiction to review whether they placed too much." Kharis v. Sessions, No. 18-CV-

///

04800-JST, 2018 WL 5809432, at *8 (N.D. Cal. Nov. 6, 2018). Accordingly, the Court recommends finding that Petitioner is not entitled to relief on this ground.

**b. Impartiality of IJ**

> To establish a due process violation, Petitioner must show (1) "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case," and (2) "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (internal quotation marks and citation omitted). Petitioner can meet this burden by showing "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (internal quotation marks and citation omitted), but "a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough," *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016).

Mata-Yanez v. Bondi, No. 23-1329, 2025 WL 3014219, at *1 (9th Cir. Oct. 28, 2025). Petitioner's conclusory assertion that "the IJ was not a neutral decisionmaker," (ECF No. 13 at 27), and general observation that "[i]n some cases, Immigration Judges have failed to conduct a neutral, individualized bond hearing or to place the burden of proof as ordered by the habeas court," (ECF No. 16 at 8), does not demonstrate that the IJ who conducted Petitioner's bond hearing held "a deep-seated favoritism or antagonism that would make fair judgment impossible." Vargas-Hernandez v. Gonzales, 497 F.3d 919, 926 (9th Cir. 2007). Accordingly, the Court recommends finding that Petitioner is not entitled to habeas relief on this ground.

**III.**

**ORDER & RECOMMENDATIONS**

The Court construes the first amended petition (ECF No. 13) as including a motion to amend and GRANTS the motion to amend.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The first amended petition for writ of habeas corpus (ECF No. 13) be GRANTED IN PART with respect to the due process challenges to Petitioner's re-detention and DENIED IN PART with respect to the claim challenging the bond hearing; and
2. No further relief be granted.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge