**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSWOLDO ERNESTO HERNANDEZ-CASTRO<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, et al.,<br><br>Respondents. | No. 1:25-cv-01574 JLT SAB (HC)<br><br>A-Number: 089-539-781<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DENY FURTHER RELIEF<br><br>(Docs. 13, 19) |

Petitioner is proceeding with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 30, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted in part to due-process challenges to Petitioner's re-detention, that Petitioner's claims challenging the adequacy of his bond hearing be denied, and that no further relief was warranted. (Doc. 19.) On November 13, 2026, Petitioner filed objections asserting that the bond hearing held on January 13, 2026, did not cure the constitutional, statutory and regulatory defects in Petitioner's detention. (Doc. 20 at 2.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections and the bond hearing audio, the Court concludes the findings and recommendations are supported by the record

and proper analysis. Though Petitioner has clearly articulated his argument as to why he believes the IJ committed legal error (Doc. 20 at 3–6), the Court agrees with the magistrate judge that the IJ considered all the evidence and was permitted to place weight on the fact that Petitioner is unlikely to obtain ultimate immigration relief, even if the IJ gave that factor far more weight than this Court might have. (*See* Doc. 19 at 7.) Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 30, 2026, (Doc. 19), are **ADOPTED IN FULL**.
2. The first amended petition for writ of habeas corpus is **GRANTED IN PART** with respect to the due process challenges to Petitioner's re-detention and **DENIED IN PART** with respect to Petitioner's claims challenging the adequacy of his January 13, 2026, bond hearing. (Doc. 13.)
3. No further relief is granted.
4. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.
5. The Clerk of Court is directed to **CLOSE THE CASE** and terminate all pending motions.

IT IS SO ORDERED.

Dated: November 18, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE